USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/3/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

HEATHER N. BIVENS,

                           Plaintiff,

            -v-

INSTITUTE FOR COMMUNITY LIVING, et al.,

                          Defendants.

------------------------------------------------------------------X

14 Civ. 7173 (PAE)

OPINION & ORDER

**PAUL A. ENGELMAYER, District Judge:**

At the final pretrial conference on January 28, 2016, the Court directed the parties to file letters by February 1, 2016, regarding the appropriate standard of causation for gender discrimination claims under the New York City Human Rights Law ("NYCHRL"). Plaintiff Heather Bivens had proposed jury instructions suggesting that the burden for proving causation was lighter under the NYCHRL than under Title VII of the Civil Rights Act of 1964—that, under the NYCHRL, a plaintiff had to show only that discriminatory motive "played a role," rather than showing it to be a "motivating factor" as required under Title VII.

In response to the Court's request for further submissions on this issue, Bivens filed a letter stating that she "agrees . . . that proving gender bias '*played any role*' in Ms. Bivens' termination is synonymous with proving gender bias was '*a motivating factor*.'" Dkt. 81, at 1 (emphasis in original). She acknowledged that Title VII and the NYCHRL "are aligned" on this issue. *Id.* Defendants filed a letter taking the same position, but objecting that plaintiffs' proposed jury instruction on causation creates confusion by interchangeably using the terms "motivating factor" and "played a role." Dkt. 82, at 2.

The parties therefore now agree that Title VII and the NYCHRL are subject to the same causation requirements for gender discrimination claims. The Court shares that conclusion and agrees that the jury may be given a single instruction on causation as to the two causes of action. This decision briefly sets out the Court's reasons for so holding.

Title VII and the NYCHRL are not coextensive in all respects. In 2005, the New York City Council passed the Local Civil Rights Restoration Act of 2005, N.Y.C. Local Law No. 85 (Oct. 3, 2005) (the "Restoration Act"), amending the NYCHRL to provide that it should "be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed." Restoration Act § 7. The Second Circuit has recognized that the Restoration Act created a "one-way ratchet," such that, while federal and state civil rights laws set a floor below which the NYCHRL cannot fall, the NYCHRL may be construed more favorably to plaintiffs in certain particulars than its federal and state counterparts. *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 278 (2d Cir. 2009). And as to standards of liability, in certain areas, courts have recognized that city law is more plaintiff-friendly than federal law. *See, e.g., Williams v. New York City Hous. Auth.*, 872 N.Y.S.2d 27, 38 (1st Dep't 2009) (rejecting federal law's "severe or pervasive" test for sexual harassment).

But the Restoration Act did not provide that federal and city law may *never* be construed as coextensive. Each statute uses the same words ("because of") to describe the causation element. *See* 42 U.S.C. § 2000e-2(a)(1); N.Y.C. Admin. Code § 8-107(1)(a). And, as Judge Cote has observed, "even after enactment of the Restoration Act, the Second Circuit has continued to apply the same 'motivating factor' causation standard to employment

discrimination claims under the NYCHRL that applies to equivalent claims under Title VII." *Weiss v. JPMorgan Chase & Co.*, No. 06 Civ. 4402 (DLC), 2010 WL 114248, at *3 (S.D.N.Y. Jan. 13, 2010) (citing *Patane v. Clark*, 508 F.3d 106, 112–13 (2d Cir. 2007)).

It is true that, in various cases, courts have used the expression "play no role" to describe the causation requirement of the NYCHRL. But these usages have been made in passing, in *dicta*, or otherwise in a context that fails to suggest any substantive distinction with federal law. And several cases—including cases relied upon by Bivens—have used that term interchangeably with Title VII's "motivating factor" standard. *See Carryl v. MacKay Shields, LLC*, 941 N.Y.S.2d 116, 117 (1st Dep't 2012); *Bennett v. Health Mgmt. Sys., Inc.*, 936 N.Y.S.2d 112, 120 (1st Dep't 2011); *Williams*, 872 N.Y.S.2d at 40 n.27. Notably, the Second Circuit has recently recognized the equivalence of federal and city law on this issue. After employing the "play no role" formulation in its analysis of an NYCHRL claim, the Circuit noted that, "at least in the discrimination context, this inquiry *closely mirrors* the questions that courts must answer when resolving summary judgment motions on Title VII claims." *Ya-Chen Chen v. City Univ. of New York*, 805 F.3d 59, 76 n.13 (2d Cir. 2015) (emphasis added). In the Court's view, "played a role" and "motivating factor" are properly seen as synonymous: If a plaintiff demonstrates that discrimination was a motivating factor for an adverse employment action, she negates the notion that it played no role; if an employer demonstrates that discrimination played no role, the plaintiff has not satisfied her burden to show a motivating factor.

Thus, any notion that gender discrimination claims under Title VII and the NYCHRL are subject to different standards of causation is unsupported—and substantially contradicted—by the case law.

The Court, accordingly, will instruct the jury that, as to both the Title VII and the NYCHRL causes of action, it is to apply the "motivating factor" standard in evaluating plaintiff's claim that her termination was attributable to gender discrimination. The Court does not intend to charge the jury using the "played a role" formulation, because using this separate (though substantively identical) formulation alongside the "motivating factor" formulation has the potential to needlessly confuse the jury.

SO ORDERED.

_Paul A. Engelmayer_
Paul A. Engelmayer
United States District Judge

Dated: February 3, 2016
       New York, New York